## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

| | |
|---|---|
| PROGRESSIVE HAWAII INSURANCE CORP., | ) ) ) |
| Plaintiff, | ) ) ) NO. _____ |
| vs. | ) ) ) Division _____ ) |
| EDCUATION IS THE KEY and DESSIE X a/k/a DESSIE TIPTON, | ) ) ) |
| Defendants. | ) |

### COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff Progressive Hawaii Insurance Corp. ("Progressive Hawaii"), by and through counsel, and, for its cause of action pursuant to *T.C.A.* § 29-14-101 et seq., states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Progressive Hawaii is an Ohio corporation with its principal place of business in the state of Ohio.

2. Defendant Education is the Key, LLC is a Tennessee limited liability company and can be served with process through its agent for service of process Dessie X at its principal office of 975 Thomas Street, Memphis, TN 38107 or her home address of 7270 Ryan Hill Road, Millington, TN 38053.

3. Defendant Dessie X a/k/a Dessie Tipton is a resident of Shelby County, Tennessee and can be served with process at her home address of 7270 Ryan Hill Road, Millington, TN 38053 or in person wherever she may be found.

4. This action is brought for Declaratory Judgment of the respective rights and obligations of the parties pursuant to *28 U.S.C.* §§ 2201-2202 and Rule 57 of the *Federal Rules of*

*Civil Procedure*. There is a controversy between the parties involving coverage under a policy of insurance issued by Progressive Hawaii to Education is the Key, policy number 953295376, and this case is appropriate for seeking declaratory relief.

5. The amount in controversy, without interest and costs, exceeds the sum or value of $75,000 as specified in 28 *U.S.C.* 1332.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this case pursuant to *28 U.S.C. 1332* because the dispute involves citizens of different states with Plaintiff Progressive Hawaii being a citizen and resident of Ohio and Defendants Education is the Key and Dessie X being citizens and residents of Tennessee and with the amount in controversy being in excess of $75,000, exclusive of costs and attorney's fees.

7. Venue of this action is proper in the Memphis Division of the Western District of Tennessee because the policy at issue was issued to Education is the Key, at its business address of 975 Thomas Street, Memphis, TN 38107.

## FACTS

8. On October 27, 2021, Progressive Hawaii issued a policy of insurance to Education is the Key, policy number 953295376 (hereinafter "the Policy"), with effective dates of coverage of October 27, 2021 through October 27, 2022. This Policy covered a 2018 Toyota Sienna, VIN number 5TDKZ3DC9JS937870. No other vehicles were listed on the Policy. The named insured on the policy is Education is the Key. Defendant Dessie X and Fay Eschoe are listed as a rated drivers on the policy. (See Declarations Page and Policy, **Exhibit 1**)

9. Dessie X is believed to be the owner and the operator of the insured daycare facility, Education is the Key. On May 19, 2022, Fay Eschoe was an employee of Education is the Key and was involved in an incident in which she apparently left an 18 month old child, C.F., in a 2018

Nissan Rogue vehicle ("the Vehicle") at the Education is the Key of 975 Thomas Street, Memphis, TN. Upon information and belief, the vehicle was owned and maintained by Fay Eschoe, individually. The 2018 Nissan Rogue is not listed as a covered vehicle on the Policy issued by Progressive Hawaii.

10. Upon information and belief Dessie X and Fay Eschoe have since been indicted on felony criminal charges for the death of C.F.

11. A lawsuit has been filed by Edward Ewing, III, as next-of-kin of C.F., deceased, in the Circuit Court of Tennessee for the 30th Judicial District at Memphis, case number CT-2534-22, (Underlying Lawsuit), in which Mr. Ewing alleges that Defendants Dessie X and Education is the Key breached a duty of care owed to C.F. in failing to utilize a Department approved vehicle; failing to have procedures in place to find a lost, missing or forgotten child; failing to train employees on the safe transportation of children; and otherwise failing to act as a reasonable prudent person, daycare operator and employer. The Underlying Lawsuit seeks damages in an amount not to exceed Fifteen Million Dollars ($15,000,000). (Underlying Lawsuit attached hereto as **Exhibit B**).

12. A claim has been submitted against Progressive Hawaii for defense and coverage under the Policy issued to Education is the Key.

## **POLICY**

13. Under the Policy, Part I – Liability to Others, Insuring Agreement, the policy provides as follows:

> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**.....

(Policy, Part I – Liability to Others, p. 5)

> 14. When used in Part I – liability to others, **insured** means:
>
> 1. **You** with respect to an **insured auto**.
> 2. Any person while using with **your** permission, and within the scope of that permission, an **insured auto** you own, hire or borrow.…
> (Exceptions omitted)

(Policy – Part I – Liability To Others, Additional Definitions, Part A., p.5)

> 15. "**Insured auto**" or **your insured auto** means:
>
> a. Any **auto** specifically described on the **declarations page**; or
> b. An additional **auto for** Part I – Liability to Others and/or Part II – Damage To Your Auto on the date **you** become the owner if;
>
> (i) **you** acquire the auto during the policy period shown on the **declarations page**;
> (ii) **we** insure all **autos** owned by **you** that are used in **your** business;
> (iii) no other insurance policy provides coverage for that **auto**; and
> (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want us to cover it for that coverage.
>
> ***
>
> c. any **replacement auto** on the date **you** become the owner if;
> (i) **you** acquire the auto during the policy period shown on the **declarations page**;
> (ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and
> (iii) no other insurance policy provides coverage for that **auto**.
>
> ***

(Policy – General Definitions, No. 6, p. 3)

16. "**You**", "**you**r" and "**yours**" refer to the named insured shown on the **declarations page.** (Policy – General Definitions, No. 6, p. 3). In this case, the named insured shown on the declarations page is Education is the Key.

17. When used in PART I – LIABILITY TO OTHERS, **insured auto** also includes:

*** 

3. Any **temporary substitute auto**;

(Policy – Endorsement Forms Z228 PART 1 – LIABILITY TO OTHERS, B.3.)

18. **Temporary substitute auto** means:

> any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use to the breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative** or your **employees**, unless that **auto** is insured under separate policy of insurance that provides at least the minimum required limits of financial responsibility under applicable federal or state laws.

(Policy – General Definitions, No. 17, p. 5)

19. There is an exclusion under the policy for criminal acts. Specifically, the policy provides as follows:

> **EXCLUSIONS – PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I – LIABILITY TO OTHERS**
>
> Coverage under this Part I, including **our** duty to defend, does not apply to:
>
> ***
>
> 15. **Criminal Acts**
>
> **Bodily injury** or **property damage** caused by, or reasonably expected to result from, a criminal act or omission of an **Insured person**. This exclusion applies regardless of whether that **Insured person** is actually charged with, or convicted of, a crime. For the

purpose of this exclusion, criminal acts or omissions do not include traffic violations.

(Policy, Part I – Liability to Others, Exclusions, No. 15, p. 10)

## COUNT I-THE VEHICLE IS NOT COVERED UNDER THE POLICY

20. The 2018 Nissan Rogue vehicle in which deceased minor C.F. was left was not an insured auto under the policy. To be an insured auto, it had to be listed on the Declarations Page of the policy, be an Additional Auto, a Replacement Auto or a Temporary Substitute Auto. (Policy – General Definitions, No. 6, p. 3, Insured auto, and Endorsement Form Z228)

21. The only vehicle listed on the Declarations Page of the policy was a 2018 Toyota Sienna automobile. (See Policy and Declarations Page attached as **Exhibit 1**) Part a. of the definition of insured auto covers any vehicle listed on the Declarations Page. Because the 2018 Nissan Rogue involved in the incident at issue is not listed on the Declarations Page, it did not meet the definition of insured auto under part a. of the definition of insured auto. (Policy – General Definitions, No. 6, p. 3, Insured auto)

22. The 2018 Nissan Rogue vehicle involved in the incident at issue is not an Additional Auto or Replacement Auto because it was not a vehicle acquired by the insured, Education is the Key, during the policy terms. The Vehicle was owned and maintained by Fay Eschoe. Because such is a requirement for a vehicle to be considered an additional auto or replacement auto it does not meet the requirements of part b. or c. of the definition of Insured auto. (Policy – General Definitions, No. 6, p. 3, Insured auto)

23. The Policy provides by Endorsement an additional definition of insured auto: that being a temporary substitute auto. (Policy – Endorsement Forms Z228 PART 1 – LIABILITY TO OTHERS, B.3.)  A vehicle is only a temporary substitute auto if the covered auto, a 2018 Toyota Sienna, is withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

(Policy – General Definitions, No. 17, p. 5, Temporary Substitute auto) Because the vehicle insured on the policy, 2018 Toyota Sienna, was not withdrawn from normal use to the breakdown, repair, servicing, loss or destruction, the 2018 Nissan Rogue involved in the incident is not considered a temporary substitute auto, and as such is not covered by the Policy.

24.     The 2018 Nissan Rogue involved in the incident does not meet the definition of insured auto under the Policy and thus no coverage attaches to it for claims made in the Underlying Lawsuit against Education is the Key and Dessie X.

### COUNT II – PUNITIVE AND EXEMPLARY DAMAGES ARE NOT COVERED

25.     The Underlying Lawsuit seeks punitive and exemplary damages against Defendants Education is the Key and Dessie X. The Policy issued by Progressive Hawaii excludes punitive and exemplary damages and such claims are, thus, not covered by the Policy. (Policy, Part I – Liability to Others, p. 5)

### COUNT III – COVERAGE FOR CRIMINAL ACTS IS EXCLUDED BY THE POLICY

26.     Both Fay Eschoe, the owner and operator of the 2018 Nissan Rogue involved in the incident, and Dessie X, the principle of Defendant Education is the Key, have been charged criminally as a result of the tragic incident of May 19, 2022. Assuming, arguendo, that the vehicle involved, the 2018 Nissan Rogue, is considered an insured vehicle, coverage would be excluded as it is bodily injury reasonably expected to result from a criminal act or omission of the insured person. (Policy, Part I – Liability to Others, Exclusions, No. 15, p. 10) For purposes of the definition under the policy, assuming, arguendo, that the Nissan Rogue was an insured vehicle, an insured person would include any person while using the vehicle with the permission of the named insured, Education is the Key.  Thus, assuming arguendo that the Nissan Rogue is an insured vehicle coverage would be excluded based on the criminal acts of Faye Eschoe and Dessie X. (Policy – Part I – Liability To Others, Additional Definitions, Part A., p.5)

**WHEREFORE,** Progressive Hawaii Insurance Corp. prays that it be granted a declaratory judgment as follows:

A. That a judgment be entered against Defendants declaring that Progressive Hawaii, has no contractual duties to defend Education is the Key or Dessie X a/k/a Dessie Tipton as a result of the Underlying Lawsuit filed against them by Edward Ewing, III, as next of kin of Carson Flowers, deceased, or anyone as a result of the incident that occurred on May 19, 2022 when Carson Flowers was left in a vehicle driven by and belonging to Fay Eschoe.

B. That a judgment be entered against Defendants declaring that Progressive Hawaii, has no duty to indemnify Education is the Key or Dessie X a/k/a Dessie Tipton for any judgment that may be rendered against them in Underlying Lawsuit filed against them by Edward Ewing, III, as next of kin of Carson Flowers, deceased, or anyone as a result of the incident that occurred on May 19, 2022.

C. That the cost of this cause be taxed against Defendants Education is the Key and Dessie X and that the Plaintiff be awarded discretionary cost against Defendants.

Respectfully submitted,

**SPEARS, MOORE, REBMAN & WILLIAMS, PC**

By: /s/ Cynthia D. Hall
Cynthia D. Hall     BPR #015468
*Counsel for Progressive Hawaii Insurance Corp.*
P.O. Box 1749
Chattanooga, TN 37401-1749
(423) 756-7000
(423) 756-4801 (facsimile)